By the Court, Nelson, Ch. J.
The only question arising upon this demurrer is, whether an action of debt may be maintained to recover a bill of costs ordered to be paid by a court of common pleas on the decision of a special motion. The usual remedy is by attachment; but here the party has gone without the jurisdiction of the court, and thus prevented a resort to that kind of process. In England, the court of common pleas have denied that the action can be maintained even under the same circumstances that exist in this case. (Emer *559 son v. Lashley, 2 H. Bl. 248 ; and see Fry v. Malcolm, 4 Taunt. 705.) The reasons given for the decision are, that a contrary rule would have the effect to encourage a multiplicity of suits to enforce the interlocutory orders of inferior courts ; that such orders ought to be left to the regulation of the courts where they are made ; and that they cannot be regarded as final so as to preclude an examination into their merits, which would open a new and boundless field of litigation. No doubt the question whether the action should be sustained is one of expediency. It is clear, upon general principles, that the order affords a sufficient foundation for the suit. It is evidence of a legal liability determined by a court of competent power; and debt is the proper form of action to enforce it.
In Post v. Neafie, (3 Caines, 22,) this court held, that an ac- ■ tion of debt would lie on a decree to pay a certain sum of money, made by a court of equity in New-Jersey. And in Sadler v. Robins, (1 Campb. 256,) Lord Ellenborough held, that assumpsit would lie on a like decree of a court of chancery in Jamaica. The same doctrine was admitted by the court in Carpenter v. Thornton, (3 Barn, Aid. 52,) though they refused to sustain the action in that case upon somewhat technical and refined reasoning.
It appears to me, after courts have agreed to entertain actions upon judgments of foreign courts, whether of record or not, and upon judgments of almost every species of inferior domestic tribunals not of record, there is not much force in the argument against allowing them in cases of interlocutory orders for the payment of money, made by courts of record and of general jurisdiction. After all, the question comes back to one of simple expediency.
I agree, that it would be very unfit to entertain an action where it was in the power of the court making the order to enforce obedience by attachment. Neither necessity nor convenience call for the action in such a case. But where the defendant- has gone beyond the jurisdiction of the court, and left it powerless in respect to the more appropriate and summary *560 remedy, it is obvious that a failure of justice must ensue from the mere act of the delinquent party, unless an action at law be permitted.
We have a somewhat analogous case in the action upon a recognizance of special bail. There the suit must, in general, be brought in the court where the judgment against the principal was rendered ; and hence, if the judgment was in a court of common pleas, the suit upon the recognizance must be in that court also. But an exception has been made, from the necessity of the case, and it may now be brought in this court if either of the defendants have removed beyond the jurisdiction of the common pleas. (Davis v. Gillet, 7 John. R. 318 ; Burtus v. McCarty, 13 id. 424.)(a)
There must be judgment for the plaintiff, with leave to the defendant to amend on the usual terms.
Ordered accordingly.

 See Otis and others v. Wakeman, (1 Hill, 604.)